The next case on the calendar is United States versus either Murillo or Murillo. I'll ask Mr. Prince how it pronounces council's name. I believe Mr. Prince is here and Mr. Hanlon is via video. Yes, please. Okay. Are we good or should we still wait? All right. Thank you.  No, we just had a little technical help up here. I think we're set to go again. Can you hear me? Yes. Okay. Mr. Hamlin, are you present? I think we're going to wait. Yes, I am. I can see the court. Okay. So, Mr. Hamlin, can you also see? Yes, your honor. All right. So, we'll go ahead and start the argument and we'll make sure before we hear from you that we can see you also. Right now, we cannot see you. So, Mr. Prince, whenever you're ready. Thank you, your honor. Good morning. My name is Colin Prince and on behalf of the Federal Public Defender's Office, I represent Santos Murillo. Thank you for asking, your honor. I will watch my clock and attempt to reserve about three minutes. Mr. Murillo's claim, his request here is very simple. We are simply asking for remand to the district court to address his claim on the 924C count. Nothing more. So, I think that is the primary issue in this case is simply whether the district court addressed that at all. And so, our argument is the district court overlooked it. It's simply- So, counsel, you know, before you get into more of your substance, I have a question. In your reply brief at page seven, you say, thus, when the district court appointed the federal defenders to file a reply brief, the attention rested on the 922G count. You think that's a fair characterization of the reply brief your colleague filed in the district court that the attention rested on the 922G count? Your honor, perhaps I should rephrase that because to be entirely candid, I don't recall the entire contents of the reply brief that Mr. Carr filed. Well, the reply brief and the court appointed your office to represent the petitioner and to do in the reply brief everything you needed to do, right? Indeed. The reply brief said very specifically that the only thing at issue in the case was the 922G count. It said specifically that the fact that Mr. Maria's judgment also addresses an unrelated conviction does not preclude his right to relief. The reply brief says the government is wrong to challenge Petitioner Maria's modest claim for relief and all the court should do is, and this is at page 17, delete the conviction for count two of the indictment and its accompanying 51-month sentence. And that's exactly what the district court did. So how did the district court do anything wrong here when your office specifically told the district court, this is all we want you to do and that's what the district court did? So your honor, I think there's a couple part answer to that. I think, and correct me if I'm wrong, but buried in your question is a little bit, do we have an invited error problem here? Because where I would start is where the parties agree in answering that question, which the pro se petition in fact raised a challenge to his 924C conviction. I think we're all agreed. He wrote, I didn't make this plea knowingly and intelligently. I signed a global resolution pleading to count one of 922G and one count of 924C. And I agree as well. That is in there. But the district court appointed your office and your office told the district court, no, that's not at issue here. All that's at issue is a conviction for which our client is not guilty. And that's clearly wrong. I think Mr. Hanlon even noted that Mr. Murillo has filed a pro se IEC petition regarding that. And so I think we get into sort of a practical discussion about what does this court do? Because I think your honor's right. Your honor could say, well, this was invited error and this is a problem. I think that simply tees up more litigation on an IEC claim regarding Mr. Carr abandoning that claim, which we believe is valid. I think as a matter of judicial efficiency, the court could also simply rule, Mr. Murillo raised this. He raised it in a handwritten pro se petition. It's in cursive. It's detailed. But he properly raised that claim. And whether the district court overlooked it or Mr. Carr simply abandoned it, he shouldn't have done so. I think that naturally . . . He was a better lawyer than his lawyers. I'm sorry, your honor? It sounds as though he was a better lawyer than his lawyers. I'm not going to disagree with that. I think that the attention, and I think perhaps Mr. Carr's error, lay in the fact that the 922G count that fell into possession is clearly the gatekeeping count. If you lose on that, you lose on everything. It doesn't matter. So that's why to answer, your honor, and it sounds like my reply brief overstated the issue. Well, also your friend has not raised this. So your friend has not said in his answering brief that this was invited error. Of course, your honor. The government did not, in fact, raise that. Of course, I will answer the court's questions as opposed to me. So I think that wherever we end up, the district court's order specifically says defendant is only seeking the writ with regards to his felon in possession charge that's at ER 13. And that's just wrong. And so what I think the practical outcome for us here is I think this has sort of a where probably in retrospect, the federal defender's office should have said we'd like to file an opening brief rather than simply a reply brief. This sort of mismatch between an opening pro se handwritten petition and a reply brief, I think caused a lot of trouble. So on remand, I would note the court, the district court is in a good position. We can have an evidentiary hearing. I'd note that in a quorum nobis petition, we're more or less akin to a 2255, a habeas. If we were under 2255 under subsection B, you'd have to have an evidentiary hearing or the court would have to show that it's unnecessary. So your client in his pro se petition was asking that the plea be set aside, right? Correct, your honor. And that's what you're asking us to remand for the district court to consider whether the original plea should be set aside? Or are you asking us to remand for a quorum nobis determination? Why don't you tell us exactly what you want us to remand to the district court? What we would like is an order simply saying remand with instructions to address Mr. Murillo's 924C claim. In his original petition, which he's styled as a quorum nobis petition. So for the district court to construe it in the first instance and decide whether it is seeking to set aside the plea, whether it's a quorum nobis on the 924C, but leave that to the district court. Indeed, I don't think there should be many shackles on the district court. And if your honor is asking this, it should remain a quorum nobis. Mr. Murillo has served his entire sentence. There is no habeas. There is no 2255 to file here. And the standards are different in setting aside a plea for something that would be alive because the person is still in custody or still subject to the restrictions of the court and quorum nobis. Indeed. And I think the only aspect, there are four elements to a quorum nobis claim. The only one that would be at issue here is the fundamental character. It's that fourth element. Is this an error that essentially undermines the validity of the judgment? Well, I'm not sure I would agree with you there. I think that since with regard to the 924C, there would be an issue of whether the court should do something that would set aside the plea because there's no claim that he's actually innocent of that charge as a matter of law, right? Not at this time. So your honor, I see I have about two minutes left. May I reserve? Yes. Thank you. No. All right, Mr. Hanlon, whenever you're ready. May it please the court, Tom Hanlon, a parent of the United States. If I could check, because you couldn't tell before. Are you able to see me, your honor? Yes, we're good. We can see you and we can hear you well. Thank you. Thank you, your honor. In the original pro se petition that was filed by the defendant, he did state that there was an issue with the plea agreement, that his defense counsel told him that he was looking at 27 years if he did not accept the plea agreement. The district court was fully aware of the issues that were raised in the pro se motion. Looking at the district's court's opinion in this case, or his order, I should say, he quoted the defendant's brief. Looking at excerpt of record page 57, he quoted the defendant when the defendant stated that there was an error with the plea agreement because he was looking at 27 years. Well, counsel, he did quote it. And when you're referring to it, I apologize. No, I do have one of the orders with an ER. But where in the order is there any indication that the district court actually ruled on that? Where is there any indication that the district court actually took up whether the plea as to the 924C count was involuntary? I don't see that anywhere in the district court's order. And the district's court order does not say that in those words. But the district court order specifically focuses on the standard of Coram Novus in regards to the grave injustice and then analyzes the arguments that were made in regards to the Valencia-Mendoza decision and the Rahoff decision, which only impacted the 922G conviction. And then at the conclusion of the order, the district court says that the 922 count, that one's going to be invalidated. The 924C count remains. Right. The district court says it remains. But when I look at the first page of the district court's order where he's characterizing what the defendant requested, defendant requests that the court vacate his conviction for felon in possession of a firearm, arguing that he was actually innocent of the charge under new case law. And I have sympathy for the district court because that's exactly what, in the reply brief, the defender's office said was at issue. But that's not what the defendant raised in his pro se petition. And honestly, I don't see anything in the district court's order where it gets to, where it discusses in substance anything about the 924C count other than quoting what's in the petition. I just don't see anywhere the district court is reaching that on the merits. And I would agree with the court. I don't believe that there is specific language in the district court's order regarding that. But the district court focuses, the order of the district court focuses on what the district court found to be the grave injustice in this case was the fact that the defendant had this felony conviction that years later was invalidated. And so that's where the district court focuses all of its time. But the district court, on excerpt record page 60 in his order, says that the defendant also argues that his guilty plea was not voluntary and intelligent. So the district court is fully aware that the defendant is challenging the plea agreement that he made before a different district court. But this district court was fully aware of that. Furthermore, the language that's used by the defendant where he says that the error from defense counsel was that he was told he was looking at 27 years is not an error. As the government pointed out, the defendant was facing a 924C count, which is what we're here for, that he pled guilty to, that has a maximum life imprisonment. He resolved this case in a global resolution, which included a 10-year mandatory minimum drug offense with a life penalty. So the district court couldn't have found that his defense attorney was wrong when he told him he was looking at a lengthy term of imprisonment if he didn't enter the plea agreement when he was, in fact, looking at a life imprisonment. Well, counsel, but wouldn't have and couldn't have are two different things. And even if, hypothetically, I were to agree that if the district court had made the actual argument, it strikes me that the defendant made the argument clearly in his pro se petition. His counsel told the district court he's not making that argument. I see nothing that the district court suggested that the district court actually considered it. The defendant is doing a lot of time as a result or flowing from this conviction. It's just hard for me to see how, in the interests of justice, we shouldn't send this back to the district court to reach an issue where I don't see any evidence the district court actually reached it. The government would be free to make all of these arguments, but how isn't that in the interests of justice, given what the district court's order actually says? Well, I guess the government's, I mean, the court is right. The district court is right. There is no specific language in this order addressing that. I certainly concede that. The government's position is that the district court was looking at the grave injustice standard and the primary issue that was repeatedly raised in the pro se brief regarded Valencia, Mendoza, and Rahoff, which have absolutely nothing to do with the 924C conviction. The district court, and I don't want to repeat myself. I don't want to waste the court's time. The district court was fully aware of what the issues were, and the district court made a decision and was able to differentiate between the two counts of conviction, Your Honor. I'm not sure you're right when you say the district court was fully aware of what the issues were. It seems to me that the district court was relying on the reply brief for what the issue was and not relying on the pro se complaint. I think in regards to the reply brief, the district court was relying upon that as to what exactly defense counsel wanted him to do. I understand. No, that's the point. That is to say, I'm not sure that the district court was actually answering the question presented in the petition. It was answering the question presented in the reply brief. Well, I guess the government's position would be, Your Honor, is that the district court was attempting to raise the issue raised in the pro se brief because the district court quoted it. Does the court have any further questions for me? Do my colleagues have any further questions? All right. Thank you. Thank you. Counselor, you have some time left for your reply. Thank you, Your Honor. Very briefly, Judge Bennett, you're correct. The district court did not reach the 924C on the merits. I believe my colleague mentioned that Mr. Murillo had written in his petition that he was not guilty and this wasn't intelligent and voluntary. I think the best reading of that, that the district court understood was he meant in regards to the 922G count that the district court was, I think, rightly focused on. My colleague also mentioned that the Valencia Mendoza decisions, McAddery, Rehife, those have nothing to do with the 924C claim. That's right, but it doesn't matter. It's the 922G, the vacation of that felon in possession, that's what matters. That's what triggers the 924C attack. The last thing I would leave the court with is, I think, underlying the government's argument is that Mr. Murillo doesn't really have a claim when he goes back. I think Mr. Hanlon mentioned he's facing 27 years, his attack was right. There's a few things I'd leave the court with this. Going back to that time, Mr. Murillo, he took this case to trial.  They struck that hearing at the 11th hour, and then talks fell apart. It got reset for October 2006, and he pled guilty only three days before that trial. I'd note that we're at 61 grams of methamphetamine. That's what was underlying this, and Mr. Hanlon mentioned the 10-year mandatory minimum. That is very close to the 50-gram 10-year statutory max. The defendant need only show that he was using 12 grams, and all of a sudden, he's not subject to that under personal use. And on top of that, I'd leave the court with, there were no controlled buys in this case. There was no witness saying that Mr. Murillo had sold anything to him. This was a traffic stop on a misdemeanor warrant. And so, I think he will have evidence to produce, and arguments to produce, that he was misadvised at the trial count. And so, with that, may I address anything else for the court? No, thank you. We thank counsel for their arguments, and the case just argued will be submitted.
judges: FLETCHER, BENNETT, SUNG